08-4865-ag
Sun v. Holder

BIA
Gordon-Uruakpa, IJ
A094 794 436

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand ten.

PRESENT:
JOSEPH M. McLAUGHLIN,
JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
*Circuit Judges*.

_____

GONG XIN SUN,
*Petitioner*,

v.                                             08-4865-ag
                                               NAC
ERIC H. HOLDER, JR.,[1] UNITED STATES
ATTORNEY GENERAL,
*Respondent*.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**     **Michael Brown, New York, New York.**

**FOR RESPONDENT:**     **Michael F. Hertz, Assistant Attorney General; David V. Bernal, Assistant Director; Lauren E. Fascett, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Gong Xin Sun, a native and citizen of the People's Republic of China, seeks review of a September 8, 2008, order of the BIA affirming the March 6, 2007, decision of Immigration Judge ("IJ") Vivienne Gordon-Uruakpa, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gong Xin Sun*, No. A094 794 436 (B.I.A. Sept. 8, 2008), *aff'g* No. A094 794 436 (Immig. Ct. N.Y. City Mar. 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA's decision, i.e., minus the arguments for denying relief that the BIA rejected. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522

2

(2d Cir. 2005). The applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). In finding Sun not credible, the IJ relied on the fact that, although Sun testified that he had no proof of his membership in his underground church in China, he submitted a certificate from Baisheng underground church stating that he had been a member since December 2004. The IJ also based her adverse credibility determination on: (1) Sun's inconsistent testimony regarding whether he was beaten while imprisoned for three days; and (2) Sun's inconsistent claims regarding when police raided his house while he was congregating there with fellow church

3

members. Each of these was a valid basis for the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Moreover, to the extent Sun offered explanations for these discrepancies, no reasonable factfinder would have been compelled to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Finally, contrary to Sun's argument, the IJ was entitled to seek additional corroborating evidence, 8 U.S.C. § 1158(b)(1)(B)(ii), and to draw an adverse inference based on Sun's failure to provide such evidence, *see Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Ultimately, because no reasonable fact-finder would be compelled to conclude to the contrary, the agency's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66. Thus, the agency properly denied Sun's application for asylum, withholding of removal, and CAT relief where all three claims were based on the same factual predicate. *See* 8 C.F.R. § 208.13(b). *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't. of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk